[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO OPEN JUDGMENT
The defendant moves to open a judgment of dissolution of marriage entered on April 25, 1995. The motion was made by the defendant pro se on May 1, 1995. The defendant claimed that he thought the parties were reconciling, and that he had no need of his lawyer with whom he did not communicate. He had been represented by Attorney William St. John, and is represented in this motion by Attorney John P. Santucci.
The defendant is hearing impaired and wears two hearing aids. He clearly lacks knowledge of court proceedings. He testified that he did not recall any conversation with his wife concerning the need to come to court on April 25, 1995. He testified that he had never been contacted by his attorney and that he had never gone to court on this dissolution matter.
On cross-examination, the defendant conceeded that he had been represented by Attorney St. John on matters that dealt with the plaintiff, and that the matters were disposed of in the late summer or early fall. When asked if the matter could have been outstanding until February CT Page 7395 of 1995, he testified he did not know. The defendant claimed that there was a restraining order but that the plaintiff allowed him back into their home. He claimed that they lived "off and on" together.
He conceded that he had not lived with the plaintiff up to the time of the divorce as he had stated in his direct examination. He could not recall whether or not he had spent the night at her apartment at Falls Terrace. The defendant could not remember sleeping at that home on any nights prior to the court action, as he had previously testified.
After he heard that the dissolution had gone forward, he did not call counsel. He ordered the transcript of the proceeding, but never called Mr. St. John. At the time, he lived with his grandmother, in Waterbury, the Naugatuck Motor Lodge, or with friends. He worked for Beacon Tree Service, where he had worked for two months. The mother of the defendant lives in Wolcott and his father resides in Harwinton.
When asked, the defendant claimed he was not a problem drinker, nor was he "binge" drinking the week before the dissolution was scheduled. He claimed that he did not do damage to property of the couple during their short-term marriage. He continued to deny that the plaintiff told him that she intended to proceed with the divorce. He denied any suggestion that the plaintiff had communicated to him that counsel needed to talk to him and that they were going to court for the dissolution.
The defendant saw Attorney St. John in April of 1995 when he had to go to his office to fill out the affidavit, and claimed thereafter that his wife and he were "working on their marriage." On redirect, he testified that she said "maybe we're going too far" and he assumed that she would not proceed with the dissolution.
Attorney St. John testified that he had represented the defendant from the inception of the dissolution process but that no action was taken on pendente lite matters until the spring of 1995. Mr. St. John testified that he sent letters to his client at 90 Newport Drive in CT Page 7396 Waterbury. That address was the address of the grandmother of the defendant, who the defendant testified was in poor health, and with whom the defendant sometimes resided. The letter written to the defendant informing him of the April 18 hearing was sent to the address of the plaintiff and the defendant, at Falls Terrace in Waterbury.
The defendant, according to Mr. St. John, only called his office after a March conference after business hours and left a message that he would not appear in court, that he would not incur legal expenses, and that he had no phone number to leave so that his call could be responded to.
The witness appeared in court on the dates required, April 18 and April 25. During the course of his representation of the defendant, he talked several times to plaintiff's counsel concerning the "on again, off again" nature of their relationship. Those discussions occurred over the phone and in person. Mr. St. John testified that he had represented him many times over the past five to ten years, and that he rarely had problems reaching him. During the period in question, he represented the defendant in another matter, and had no problem reaching him, and getting him to respond. The problems with communication were solely surrounding this dissolution of marriage action.
Mr. St. John knows about the defendants hearing impairment, but was always able to speak to his good ear, and it is the office policy to inform clients by letter of court dates. It was clear to the court that Mr. St. John discharged his responsibilities to the defendant appropriately, and that the defendant simply did not contact counsel concerning this action. The court could not find any conduct on the part of Attorney St. John which could be criticized.
The plaintiff was called to testify by the defendant, and indicated that she threw out at least one communication addressed to the defendant from his attorney, Mr. St. John. She testified that she had spoken to her then husband on April 18, 1995, and indicated that the court hearing had been rescheduled for April 25, CT Page 7397 1995. She was adamant that the defendant knew that she intended to divorce him.
The court finds that the defendant was not credible in his testimony concerning his communication with Mr. St. John. The court finds further that the plaintiff was less than clear in talking to her estranged husband, who, because of his alcohol problems, would not likely have heard her communication in any other way than the way he wanted to hear it. Nonetheless, she admitted to discarding an envelope addressed to the defendant from his attorney. The plaintiff had filed the action quite some time prior to any court action to bring the matter to conclusion, which may have added to the defendant's claimed confusion.
Under the specific circumstances of this case, the motion to reopen being filed immediately after the entry of judgment, the defendant's obvious denial, and the defendant's decision not to communicate with his attorney concerning this specific action, the court finds that there is no prejudice to the plaintiff in the granting of the motion to reopen.
The motion is granted and the parties are ordered to attend a status conference with the court during the short calendar of August 3, 1995. The defendant is ordered to attend each and every court date, without exception. He is denied even the privilege of requesting that his attorney proceed in his absence. The court will allow the plaintiff to so request.
DRANGINIS, J.